**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------

KASAAD DORSEY,

                         Plaintiff,

      v.                                          No. 14-CV-23
                                                     (NAM/CFH)

DETECTIVE JOHN REGAN,
Badge # D204-2322, et al.,

                        Defendants.

------------------------------------------------------------------

**APPEARANCES:**                                      **OF COUNSEL:**

KASAAD DORSEY
Plaintiff Pro Se
13-A-5356
Mid-State Correctional Facility
Post Office Box 2500
Marcy, New York 13403

**CHRISTIAN F. HUMMEL
U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION AND ORDER

The Clerk has sent to the Court a civil rights complaint brought by pro se plaintiff Kasaad Dorsey ("Dorsey"), pursuant to 42 U.S.C. § 1983. Compl. (Dkt. No. 2). Dorsey has not paid the filing fee and instead seeks permission to proceed with this matter in forma pauperis ("IFP"). Dkt. No. 6.

### I. DISCUSSION

### A. Application to Proceed IFP

Dorsey has submitted an IFP Application. After reviewing the information provided therein, the Court finds that Dorsey may properly proceed with this matter IFP.

## B. Allegations Contained in the Complaint

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed in forma pauperis, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action.

Dorsey brings this action pursuant to 42 U.S.C. § 1983. An action commenced pursuant to 42 U.S.C. § 1983 requires proof of the "deprivation of any right[], privilege[], or immunit[y] secured by the Constitution" or laws of the federal government. 42 U.S.C. § 1983; see also German v. Fed. Home Loan Mortg. Corp., 885 F. Supp. 537, 573 (S.D.N.Y. 1995) ("Section 1983 establishes a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States.") (quotations omitted).

Dorsey asserts that on October 1, 2013 at approximately 9:00 p.m., he was beaten and falsely arrested and imprisoned by defendants Detectives John Regan and Ruecker. Compl. at 2–3. Dorsey was in a Home Depot parking lot in Albany, New York, purchasing marijuana from a seller. Compl. at 3. When Dorsey returned to his vehicle, two black trucks approached, at which point Dorsey and the seller began to run. Id. Dorsey states that while running, defendants tased him with a stun gun and hit him with an unmarked truck, causing him to fall to the ground. Id. When Dorsey was on the ground and

handcuffed, defendant Regan punched Dorsey repeatedly in the face. Id. Dorsey asserts that the defendants' actions caused multiple injuries consisting of a swollen face, two black eyes, the removal of a taser prong, a chipped tooth, cuts to the inner lips, forehead, and right cheek bone, and lower back pain. Id. Dorsey was arrested for criminal sale of a controlled substance in the third degree. Id. at 5. Dorsey also asserts that he was indicted for assault in the second degree. Id. While unclear, it appears that Dorsey was convicted of one or both charges. Id. Dorsey seeks dismissal of the charge of assault in the second degree against him. Id. For a more complete statement of Dorsey's claims, reference is made to the complaint.

### i. False Arrest and Imprisonment

The Supreme Court has held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Heck v. Humphrey, 512 U.S. 477, 486–87 (1994). Dorsey's claims regarding false arrest and imprisonment strike at the heart of the apparent conviction Dorsey received as a result of the events in question. Moreover, Dorsey specifically requests the dismissal of a charge against him. Were Dorsey to succeed on any theory espoused above, he would necessarily call into question the validity of his underlying conviction and sentence. As such, all of

3

these claims are barred because he has failed to show that a conviction or sentence has been overturned. See Duamutef v. Morris, 956 F. Supp. 1112, 1115–18 (S.D.N.Y. 1997) (dismissing § 1983 claims of malicious prosecution, false arrest, perjury, retaliation, and civil rights conspiracy under Heck where the plaintiff's underlying conviction had not been overturned). Accordingly, such claims would be barred under Heck and dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) is recommended as Dorsey's complaint lacks an arguable basis in law.

### ii. Excessive Force

However, Dorsey's assertion that excessive force was used against him during his arrest would not be barred by Heck. Dorsey's complaint currently satisfies the plausibility standard outlined in Ashcroft v. Iqbal, 556 U.S. 662 (2009), which requires plaintiffs to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678 (citations omitted). Dorsey's contentions that (1) defendants both tased and hit him with a truck and (2) defendant Regan punched him repeatedly while he was handcuffed on the ground, all of which caused Dorsey to suffer multiple injuries, are sufficient to establish a plausible Fourth Amendment claim.

**WHEREFORE**, it is hereby

**ORDERED**, that Dorsey's Motion to Proceed In Forma Pauperis (Dkt. No. 6) is **GRANTED**.[1]

---

[1] Plaintiff should note that although his in Forma Pauperis Application has been granted, Plaintiff will still be required to pay fees that he may incur in this action, including

4

**RECOMMENDED**, that pursuant to the Court's review under 28 U.S.C. § 1915, Dorsey's claims of false arrest and false imprisonment be dismissed as barred by Heck v. Humphrey, 512 U.S. 477, 486–87 (1994); and it is further

**RECOMMENDED**, that the Court allow Dorsey's claims alleging excessive force in violation of the Fourth Amendment be accepted for filing and that, upon receipt from Dorsey of the documents required for service of process, the Clerk be directed to issue summonses, together with copies of Dorsey's complaint, and forward them to the United States Marshal for service upon the defendants, and that in addition the Clerk respectfully be directed to forward a copy of the summons and complaint in this action, by mail, to the corporation counsel for the City of Albany, together with a copy of this report and recommendation and any subsequent order issued by this Court; and it is further

**RECOMMENDED**, that Dorsey be advised that all pleadings, motions and other documents related to this action must be filed with the Clerk of the United District Court, Northern District of New York, Fifth Floor, James T. Foley United States Courthouse, 445 Broadway, Room 509, Albany, New York 12207, and that any documents sent by any party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of that document was mailed to all opposing parties or their counsel, and that Dorsey must promptly notify the clerk's office and all parties or counsel of any change in this address, and that his failure to do so will result in dismissal of this action.

**NOTICE:** Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within

---

copying and/or witness fees.

5

**FOURTEEN** days of service of this report.  **FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW.**  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; Roldan v. Racette, 984 F.2d 85 (2d Cir. 1993).

It is further **ORDERED** that a copy of this Report-Recommendation and Order be served on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated:  February 28, 2014
         Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge