**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**KASAAD DORSEY,**

                      **Plaintiff,**
    **v.**                                                                     **6:14-CV-23**

**DETECTIVE JOHN REGAN,** *et al.*,

                      **Defendants.**
_____

**KASAAD DORSEY,**

                      **Plaintiff,**
    **v.**                                                                     **1:15-CV-00859**

**CITY OF ALBANY POLICE DEPARTMENT,**
*et al.*,
                      **Defendants.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

## DECISION & ORDER

**I.    INTRODUCTION**

Plaintiff KASAAD DORSEY appeals Magistrate Judge Christian F. Hummel's Order directing administrative closure of 6:14-CV-23. Dkt. # 77. Plaintiff argues that he "would like this court to order the N.Y.S. Department of Corrections or United States Marshalls [*sic*] to produce the plaintiff at trial. The service be payed [*sic*] when the plaintiff is rewarded by the verdict." *Id.* Defendants take no position on this appeal. Dkt. # 78.

For the reasons that follow, Plaintiffs appeal is granted in part such that the administrative closure in

1

6:14-CV-23 is lifted.  Further,  6:14-CV-23 is consolidated with 1:15-CV-00859, and the consolidated matter will be tried in accordance with any pretrial scheduling order issued by Magistrate Judge Hummel in 1:15-CV-00859.

## II. BACKGROUND

Plaintiff is currently incarcerated with the N.Y.S. Department of Corrections and Community Supervision.  While incarcerated, he commenced 6:14-CV-23, a civil rights action concerning alleged excessive force by two City of Albany, New York police offices during Plaintiff's October 1, 2013 arrest.  This arrest occurred before Plaintiff's current incarceration.  After the Court resolved motions for summary judgment in 6:14-CV-23, Plaintiff commenced 1:15-CV-00859, a civil rights action arising from the same facts and circumstances as 6:14-CV-23 but which involves defendants not named in 6:14-CV-23.

After a settlement could not be reached shortly before the trial scheduled in 6:14-CV-23, Magistrate Judge Hummel issued the following Order:

> The Court has now stayed the above-entitled action until such time as the plaintiff is able to secure his appearance at trial which shall include the plaintiff's obligation to pay all costs in advance to New York State Department of Corrections and/or United States Marshal Service relating to producing him at trial. The Court having now completed all contemplated proceedings in this matter, and, based upon plaintiff's present inability to appear at trial, the Court finds that there is no further reason to maintain this action on the open docket for statistical purposes,
>
> IT IS HEREBY ORDERED THAT: the Clerk of the Court is instructed to submit a JS-6 (using Statistical Code 18) to the Administrative Office of the U.S. Courts.
>
> The parties are advised that nothing contained in this minute order shall be considered a dismissal or disposition of the above-entitled action, and should further proceedings in it become necessary or desirable, any party may reopen the action by advising the Court in writing that the stay may be lifted.
>
> Upon notification to reopen the action, the parties are directed to request a pretrial conference with the Court so that a trial order can be issued.

Dkt. # 76.   This Order closed 6:14-CV-23 only for statistical purposes and with the understanding that the

remaining claims in that matter would be tried with any surviving claims in 1:15-CV-00859 when Plaintiff is released from his incarceration.

### III.   DISCUSSION

#### a.  Plaintiff's Appearance at Trial

Notwithstanding the constitutional right of access to the courts, an incarcerated plaintiff does not enjoy a constitutional right to be physically present at the trial of his civil claim.  *Vaughan v. Sposato*, 2013 WL 5774880, at *2 (E.D.N.Y. Oct. 21, 2013).  "Nonetheless, the fact that there is no constitutional right to be present in a civil action does not sanction the summary exclusion of a plaintiff-prisoner from the trial of his prison-connected civil rights claim." *Id.* (interior quotation marks and citations omitted).

> Rather the trial court must weigh the interest of the plaintiff in presenting his testimony in person against the interest of the state in maintaining the confinement of the plaintiff-prisoner.  Factors to be considered include: the costs and inconvenience of transporting a prisoner from his place of incarceration to the courtroom, any potential danger or security risk which the presence of a particular inmate would pose to the court, the substantiality of the matter at issue, the need for an early determination of the matter, the possibility of delaying trial until the prisoner is released, the probability of success on the merits, the integrity of the correctional system, and the interests of the inmate in presenting his testimony in person * * *.

*Id.* (interior quotation marks and citations omitted).

The expense of transporting a prisoner to court combined with security concerns generally "outweigh the plaintiff's interest in physically appearing at trial, particularly in light of the reasonable alternative, that of having the plaintiff appear by videoconference." *Twitty v. Ashcroft*, 712 F. Supp.2d 30, 33 (D. Conn. 2009). Moreover, in light of the facts that 6:14-CV-23 will be consolidated with 1:15-CV-00859 (discussed below), and that 1:15-CV-00859 is in its infancy (having been commenced on July 13, 2015), it is possible that Plaintiff could be released from incarceration when the consolidated matter is ready for trial, thereby alleviating the necessity

to consider issues related to an incarcerated plaintiff.[1]

Accordingly, the Court grants Plaintiff's request that the administrative closure in 6:14-CV-23 be lifted, but denies his request that the Department of Corrections and Community Supervision or the United States Marshal's Service incur, in the first instance, the cost of his transportation and security for trial. As discussed below, the consolidated matter will proceed in accordance with the schedule set forth in 1:15-CV-00859.

**b. Consolidation**

Federal Rule of Civil Procedure 42(a) provides that a district court may consolidate "actions before the court involv[ing] a common question of law or fact." Fed. R. Civ. P. 42(a). "A determination on the issue of consolidation is left to the sound discretion of the Court, and involves weighing considerations of convenience, judicial economy, and cost reduction while ensuring that the paramount concern for a fair and impartial trial is honored." *Sallustro v. CannaVest Corp.*, 93 F. Supp. 3d 265 (S.D.N.Y. 2015)(internal quotation marks and citations omitted).

The claims asserted in 1:15-CV-00859 present essentially the same factual questions as the claims asserted in 6:14-CV-23 - namely, whether Plaintiff was subjected to excessive force in violation of his Fourth Amendment rights when he was arrested by City of Albany police officers on October 1, 2013. As is evident, the claims in both cases will entail application of many of the same legal principles. Convenience of the parties and witnesses, judicial economy, and cost reduction will be served by consolidating both cases. Accordingly, the Court determines *sua sponte* that 6:14-CV-23 will be consolidated with 1:15-CV-00859, and both cases will be tried as one. Because all pretrial matters are completed in 6:14-CV-23, trial of the consolidated matter will occur in accordance with any pretrial scheduling order issued in 1:15-CV-00859.

---

[1] If Plaintiff is still incarcerated when the consolidated case becomes trial-ready, the Court will re-examine the question of whether his appearance should be via an electronic method.

## IV.     CONCLUSION

For the reasons discussed above, Plaintiff's appeal brought in 6:14-CV-23 is granted in part such that the administrative closure in that case is lifted. Plaintiff's appeal is, in all other respects, denied.

Further, 6:14-CV-23 is consolidated with 1:15-CV-00859, and the consolidated matter will be tried in accordance with any pretrial scheduling order issued by Magistrate Judge Hummel in 1:15-CV-00859.

**IT IS SO ORDERED.**

Dated: October 13, 2015

Thomas J. McAvoy
Senior, U.S. District Judge